**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2660
_____

GUANGLIE CUI,
                              Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A089-193-568)
Immigration Judge:  Honorable Annie S. Garcy
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 14, 2011

Before:  AMBRO, ALDISERT and NYGAARD, Circuit Judges

(Opinion filed: December 15, 2011)
_____

OPINION
_____

PER CURIAM

        Guangile Cui seeks review of a decision of the Board of Immigration Appeals

("BIA") denying his application for asylum, withholding of removal, and protection

1

under the Convention Against Torture ("CAT").  For the following reasons, we will deny his petition for review.

I.

Cui, a citizen of China, arrived in the United States in June 1998.  Ten years later, he filed an application for asylum, withholding of removal, and protection under the CAT based on his fear of persecution by the Chinese government as a result of assistance he provided to North Korean refugees.  The application was transferred to an immigration court and Cui was placed in removal proceedings on the basis that he was present in the United States without authorization, a charge that he conceded.

At a hearing before an Immigration Judge ("IJ"), Cui testified that he helped North Korean refugees at the request of his wife's pastor, who headed an underground church.  Between January and April 1998, Cui, an employee of a government-owned bus company, used his employer's bus on three occasions to smuggle 10 North Korean refugees into China.  On May 2, 1998, police officers came to his home.  Cui was not there, so the officers told his wife to have him "come down to the police station [so he could] reveal what [he had] done and then go through investigations."  (R. 129.)  Cui fled to a friend's house and left China shortly thereafter.  In the meantime, police returned to Cui's home on five or six additional occasions.

Cui arrived in the United States in June 1998, but did not apply for asylum because his wife was concerned that he would not be able to return to China and that their son, who remained in China, would be affected by such an application.  Cui was also

2

hoping that policies in China would change so that he could return. In April 2008, Cui learned from his wife that the pastor of her church and 15 church members were arrested, and that the police confiscated materials from the church. Cui thereafter applied for asylum because he feared that police would reinvestigate his case based on his assumption that the arrests were motivated by assistance the church provided to North Korean refugees. (R. 150.)

The IJ found that Cui testified credibly, but denied his asylum application as untimely, rejected his remaining claims, and ordered Cui removed to China. The BIA agreed that Cui's asylum application was untimely and that he failed to establish changed circumstances that would excuse the late filing. The BIA also concluded that Cui failed to establish eligibility for asylum and rejected his withholding of removal and CAT claims. Cui filed a timely petition for review.

II.

Asylum applications must be filed within a year of arriving in the United States, although the BIA may consider late-filed applications when an alien "demonstrates to the satisfaction of the Attorney General either the existence of changed circumstances which materially affect . . . eligibility for asylum or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(D). Cui contends that the BIA erroneously concluded that his undisputed testimony did not establish changed circumstances, and that this issue constitutes a question of law that falls within our jurisdiction under the REAL ID Act. See 8 U.S.C. § 1252(a)(2)(D). To the contrary, we

3

have held that the Attorney General's assessment of whether circumstances justify tolling is a discretionary decision outside the scope of our review. Sukwanputra v. Gonzales, 434 F.3d 627, 635 (3d Cir. 2006); see also 8 U.S.C. § 1158(a)(3). Accordingly, we lack jurisdiction to review Cui's challenge.[1] See Sukwanputra, 434 F.3d at 635 (no jurisdiction over petitioner's "claim that she met her burden of demonstrating changed circumstances materially affecting asylum eligibility or extraordinary circumstances relating to the delay"); see also Jarbough v. Att'y Gen., 483 F.3d 184, 189 (3d Cir. 2007) ("[C]hallenges to the BIA's extraordinary or changed circumstances determinations do not constitute 'questions of law' within the meaning of § 1252(a)(2)(D).")

Cui also appears to argue that the agency held him to an incorrect standard of proof in assessing whether he established changed circumstances. Although that contention arguably raises a question of law within the scope of our jurisdiction, we do not believe that Cui has established a colorable legal claim because his argument is based solely on a United States Citizenship and Immigrations Services workbook that does not have the force of law. See Sukwanputra, 434 F.3d at 634-35. Furthermore, a review of his brief reveals that the claim is indistinguishable from his argument that the BIA erred as a matter of law in concluding that he did not establish changed circumstances, which we may not address for lack of jurisdiction.[2] See Jarbough, 483 F.3d at 190 (we look to

_____

[1] The cases from the Ninth Circuit relied on by Cui that have held to the contrary are not binding on this Court. See Ramadan v. Gonzales, 479 F.3d 646, 655-56 (9th Cir. 2007); see also Dhital v. Mukasey, 532 F.3d 1044, 1049 (9th Cir. 2008).

[2] As the BIA's untimeliness determination supports its rejection of Cui's asylum claim,

4

the substance, rather than the labeling, of a party's claim in determining whether jurisdiction exists).

Although we retain jurisdiction to consider Cui's withholding of removal and CAT claims, <u>see</u> 8 U.S.C. § 1252(a)(1), Cui failed to present any arguments concerning them. Accordingly, we agree with the Government that those claims are waived. <u>See</u> <u>Li v. Att'y Gen.</u>, 633 F.3d 136, 140 n.3 (3d Cir. 2011). Regardless, the record does not compel the conclusion that it is more likely than not that Cui would be persecuted or tortured upon return to China. <u>See</u> <u>id.</u> at 145-47; <u>see also</u> <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 483-84 (1992) (an alien seeking reversal of BIA's determination "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution").

For the foregoing reasons, we will deny Cui's petition for review.

---

we need not address his challenge to the BIA's conclusion that he failed to establish eligibility for asylum.